# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHERRI KIRKWOOD BROWN,

       *Plaintiff,*

vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,

       *Defendant.*

Case No. 15-cv-01261-EFM

## MEMORANDUM AND ORDER

Plaintiff Sherri Kirkwood Brown seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying her claim for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act, respectively. Plaintiff alleges that the ALJ erred in evaluating her medically determinable impairments and in assessing her residual functional capacity ("RFC"). Having reviewed the record, and as described below, the Court finds that the ALJ erred in failing to consider fibromyalgia as one of Plaintiff's medically determinable impairments. Therefore, the Court reverses the decision of the Commissioner and remands for further consideration.

## I. Factual and Procedural Background

Sherri Kirkwood Brown was born on July 1, 1975, and was thirty-six years old as of her alleged disability onset date. She completed one year of college and previously worked as a driver, security guard, and laborer. On January 25, 2012, Plaintiff filed a Title II application for disability insurance benefits and a Title XVI application for supplemental security income, alleging disability beginning that same day. Plaintiff alleged that she was unable to work due to mental illness, insulin dependent diabetes, fibromyalgia, back pain, and obesity. Her application was denied initially and upon reconsideration. Plaintiff then asked for a hearing before an ALJ.

ALJ Rhonda Greenberg conducted an administrative hearing on September 26, 2013. Plaintiff was represented by counsel at the hearing, and she testified about her medical conditions and activities of daily living. The ALJ also heard from a vocational expert at the hearing.

On February 21, 2014, the ALJ issued her written decision, finding that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. The ALJ found that Plaintiff suffered from the severe impairments of obesity, chronic obstructive pulmonary disease (COPD), degeneration of the cervical and lumbar spines, depression, post-traumatic stress disorder (PTSD), and anxiety. However, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

The ALJ determined that Plaintiff had the residual functioning capacity ("RFC"):

to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that [Plaintiff] can lift 10 pounds occasionally and frequently; stand and/or walk for 2 hours out of an 8 hour work day with normal breaks; sit for up to 6 hours out of an 8 hour work day with normal breaks; and push and pull the same weights; except the claimant can occasionally climb ramps and stairs; cannot climb

>ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can frequently finger; cannot perform repetitive movements of the hands; cannot reach overhead; can frequently be exposed to pulmonary irritants and workplace hazards; can perform simple tasks; can occasionally interact with supervisors; and can have infrequent and incidental contact with co-workers, in that she need not listen or talk to co-workers to perform her job duties.

The ALJ then determined that Plaintiff is unable to perform any past relevant work but that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Thus, the ALJ concluded that Plaintiff has not been under a disability from January 25, 2012, through the date of her decision.

Given this unfavorable result, Plaintiff sought reconsideration of the ALJ's decision from the Appeals Council. The Appeals Council denied review on July 2, 2015. Thus, the ALJ's February 2014 decision became the final decision of the Commissioner. On September 2, 2015, Plaintiff filed a Complaint in the United States District Court, District of Kansas seeking reversal of the ALJ's decision and the immediate award of benefits or, in the alternative, a remand to the Commissioner for further consideration. Given Plaintiff's exhaustion of all administrative remedies, her claim is now ripe for review before this Court.

## II.     Legal Standard

Judicial review of the Commissioner's decision is guided by the Social Security Act (the "Act") which provides, in part, that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."[1] The Court must therefore determine whether the factual findings of the Commissioner are supported by substantial

---

[1] 42 U.S.C. § 405(g).

evidence in the record and whether the ALJ applied the correct legal standard.[2] "Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion."[3] The Court may "neither reweigh the evidence nor substitute [its] judgment for that of the [Commissioner]."[4]

An individual is under a disability only if she can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."[5] This impairment "must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience."[6]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[7] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[8]

---

[2] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[3] *Barkley v. Astrue*, 2010 WL 3001753, at *1 (D. Kan. Jul. 28, 2010) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[4] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.3d 799, 800 (10th Cir. 1991)).

[5] *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).

[6] *Barkley*, 2010 WL 3001753, at *2 (citing *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005)).

[7] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[8] *Barkley*, 2010 WL 3001753, at *2.

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability; (2) whether the claimant has a severe, or combination of severe, impairments; and (3) whether the severity of those severe impairments meets or equals a designated list of impairments.[9] If the impairment does not meet or equal one of these designated impairments, the ALJ must then determine the claimant's residual functional capacity, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[10]

Upon assessing the claimant's residual functional capacity, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists in the national economy, respectively.[11] The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[12] The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[13]

---

[9] *Lax*, 489 F.3d at 1084; *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

[10] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[11] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[12] *Lax*, 489 F.3d at 1084.

[13] *Id.*

### III.    Analysis

On appeal, Plaintiff alleges that the ALJ made four errors in denying her disability benefits and supplemental security income.  Plaintiff's first assignment of error relates to the ALJ's discussion of her medically determinable impairments.  Specifically, Plaintiff alleges that the ALJ erred in failing to consider fibromyalgia as a medically determinable impairment.  The second through fourth errors relate to the ALJ's RFC assessment.  Plaintiff alleges that the ALJ failed to properly analyze the opinion of one of her treating physicians, failed to properly evaluate the effect of her obesity, and failed to properly evaluate her credibility.  The Court will address Plaintiff's arguments below.

**A.    Medically Determinable Impairments**

At step two of her analysis, the ALJ discussed Plaintiff's mental and physical impairments.  With regard to Plaintiff's alleged fibromyalgia, the ALJ cited Social Security Ruling 96-4p, which states that there must be medical signs and laboratory findings that indicate the presence of a medically determinable impairment. The ALJ stated that the Consultative Examination in 2012 indicated trigger points that were atypical for fibromyalgia. She then concluded that because there was no evidence in the record, such as trigger points consistent with fibromyalgia, evaluation by a rheumatologist, or testing to rule out other conditions, that fibromyalgia was not one of Plaintiff's medically determinable impairments.  Plaintiff contends that this conclusion in in error because it ignores the May 2013 evaluation by rheumatologist Dr. Shadi Shahouri confirming the diagnosis of fibromyalgia.  The Court agrees.

The ALJ is required to consider all medically determinable impairments, whether or not they are classified as severe, in formulating the RFC.[14] A medically determinable impairment is one "which can be shown by medically acceptable clinical and laboratory diagnostic techniques."[15] A "mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms."[16]

Social Security Ruling 12-2p contains evaluation guidelines for determining when a person has a medically determinable impairment of fibromyalgia.[17] According to these guidelines, such impairment is generally established by providing evidence from an acceptable medical source.[18] An acceptable medical source is a licensed physician who has reviewed the claimant's medical history and conducted an exam.[19] In addition, the claimant must also provide evidence of (1) a history of widespread pain; (2) at least eleven positive tender points on physical examination or a repeated manifestation of six or more fibromyalgia symptoms, signs, or co-occuring conditions; and (3) evidence that other physical and mental disorders that could cause the symptoms and signs were excluded.[20]

Here, Plaintiff has come forward with evidence showing that Dr. Shahouri, a licensed physician, examined her in May 2013. During the exam, Dr. Shahouri found that Plaintiff had eighteen positive trigger points, which exceeds the eleven positive points required by SSR 12-2p.

---

[14] 20 C.F.R. §§ 404.1523, 404.1545(a)(2).

[15] 20 C.F.R. § 404.1508; *see also* 20 C.F.R. § 416.908.

[16] *Id*.

[17] SSR 12-2p, 2012 WL 3104869 (2012).

[18] *Id*. at *2.

[19] *Id*.

[20] *Id*. at **2-3.

Dr. Shahouri also found that Plaintiff had a five year history of widespread pain and ordered lab work, including complete blood count, eruthrocyte sedmintation rate, anti-nuclear antibody, thyroid function, and rheumatoid factor. Dr. Shahouri ultimately diagnosed Plaintiff with fibromyalgia. Based on this evidence, the Court finds that Plaintiff suffered from the medically determinable impairment of fibromyalgia and that the ALJ erred in not including this impairment in her formulation of Plaintiff's RFC.

The Commissioner argues that the failure to include fibromyalgia as a severe impairment is harmless error. According to the Commissioner, the ALJ considered both severe and nonsevere impairments at step two and then went on to assess an extremely restrictive RFC. The Commissioner's argument, however, is flawed. The issue is not whether the ALJ classified fibromyalgia as a severe impairment but whether the ALJ even considered fibromyalgia as a medically determinable impairment in the first place. Here, there is no evidence that Plaintiff's fibromyalgia was considered in the evaluation of Plaintiff's claim at any step in the process. This is not harmless error.[21] The Court therefore remands this case so that the Commissioner may consider all of Plaintiff's medically determinable impairments, Plaintiff's severe impairments or combination of severe impairments, and the limitations that result from these impairments.

**B.     The ALJ's RFC Assessment**

Plaintiff's next assignments of error concern the ALJ's RFC assessment. Plaintiff alleges that the ALJ erred in discounting the opinion of her treating physician, Dr. Blackman; in assessing her credibility; and in considering her obesity. The Court declines to address the ALJ's

---

[21] *See Ireland v. Colvin*, 2014 WL 7185008, at *6 (D. Kan. Dec. 16, 2014) (finding that it was not harmless error when and ALJ did not include a medically determinable impairment in the RFC analysis).

treatment of Dr. Blackman's opinion or Plaintiff's credibility at this time because they are both affected by the Court's finding that Plaintiff suffers from the medically determinable impairment of fibromyalgia. With regard to Plaintiff's obesity, the Court finds that the ALJ did not err in her analysis.

The ALJ considered Plaintiff's obesity to be a severe impairment at step two. At step four, the ALJ considered the effects of Plaintiff's obesity in formulating her RFC. The ALJ noted that Plaintiff had a body mass index of about fifty, which fluctuated with Plaintiff's weight. The ALJ further noted that the record did not indicate limitations directly stemming from her obesity but that Plaintiff's excessive weight may be related to her complaints of pain and limited range of motion. Accordingly, the ALJ limited Plaintiff's RFC to sedentary work with only occasionally climbing ramps and stairs and never climbing ladders, ropes, or scaffolds, or reaching overhead.

The Court finds the ALJ's analysis of Plaintiff's obesity sufficient. According to SSR 02-1P, which sets forth the guidelines for evaluating obesity, "[a]n assessment should . . . be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment."[22] The ALJ has made this assessment, finding that Plaintiff's obesity resulted in her limited range of motion and pain. The ALJ's RFC assessment takes these limitations into account by limiting Plaintiff to sedentary work to only occasional movement. Therefore, the Court finds that the ALJ did not err in evaluating Plaintiff's obesity.[23]

---

[22] SSR 02-1P, 2002 WL 34686281, at *6 (2002).

[23] *See Smith v. Colvin*, 2015 WL 5315660, at *2 (10th Cir. Sept. 14, 2015) (rejecting the claimant's argument that the ALJ did not adequately consider the effects of her obesity when the ALJ found obesity to be a severe impairment).

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **REVERSED**, and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) **REMANDING** the case for further proceedings consistent with this memorandum and order.

**IT IS SO ORDERED**.

Dated this 7th day of September, 2016.

                                            ERIC F. MELGREN
                                            UNITED STATES DISTRICT JUDGE